The Plaintiff:
Amr Abdelwase Alaidrus
100 Irving St Fl2
Schenectady, NY 12308
Email: Ammralaidrus@Gmail.Com
Phone:838-292-7078
Pro Se



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR 2 1 2025
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

**United States District Court Northern District Of New York**



AMR ABDELWASE ALAIDRUS

─────────────────────────
*Plaintiff(S)*

-Vs-

THE UNITED STATES OF AMERICA,

SCHENECTADY POLICE DEPARTMENT,

ELLIS HOSPITAL,

MENTAL HYGIENE LEGAL SERVICE,

SCHENECTADY COUNTY COURT

─────────────────────────
*Defendant(S)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO.:** 1:25-cv-491(GTS/DJS)
**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 JURY TRIAL DEMANDED**

Plaintiff(S) In The Above-Captioned Action, Allege(S) As Follows:

**PRELIMINARY STATEMENT**

Plaintiff Amr Abdelwase Alaidrus ("Plaintiff" Or **"Amr"**) Brings This Action Seeking Monetary Damages, And Other Appropriate Remedies For Severe Violations Of His Rights Secured By The United States Constitution And The Laws Of The State Of New York. These Violations Arise From A Disturbing Sequence Of Events Involving Deliberate Actions And Omissions By The United States And Its Agents, State And Local Law Enforcement, A Private Hospital And Its Medical And Security Personnel Acting Under Color Of State Law, Judicial Actors, State-Provided Legal Counsel, County Court And its Honorable Judge.

## Jurisdiction

1. This Court Has Subject Matter Jurisdiction Over This Action Pursuant To 28 U.S.C. § 1331 Because This Action Arises Under The Constitution And Laws Of The United States, Including But Not Limited To Claims Arising Under The First, Fourth, Fifth, And Fourteenth Amendments, As Well As Applicable Federal Civil Rights Statutes, Including 42 U.S.C. § 1983 And 42 U.S.C. § 1985.

2. This Court Also Has Jurisdiction Under 28 U.S.C. § 1343(A)(3) And (4), Which Provide For Original Jurisdiction In This Court Of All Suits Authorized By 42 U.S.C. § 1983 To Redress The Deprivation, Under Color Of State Law, Of Any Right, Privilege, Or Immunity Secured By The Constitution Of The United States Or By Any Act Of Congress.

3. This Court Has Supplemental Jurisdiction Over Any State Law Claims Pursuant To 28 U.S.C. § 1367(A) As Such Claims Are So Related To The Federal Claims That They Form Part Of The Same Case Or Controversy.

## Venue

1. Venue Is Proper In This District Under 28 U.S.C. § 1391(B) Because A Substantial Part Of The Events Or Omissions Giving Rise To The Claims Occurred Within This Judicial District, Including But Not Limited To The City Of Schenectady, County Of Schenectady, And Other Locations Within The Northern District Of New York.

2. At All Relevant Times, The Defendants, Including Federal Agents And State Or Local Actors, Were Acting Under Color Of Law And Within The Scope Of Their Authority, And Their Acts

And Omissions Resulted In Substantial Injury To Plaintiff Amr Abdelwase Alaidrus, Including Constitutional Violations, Personal Harm, And Severe Psychological And Physical Injuries.

## Parties

1. **The Plaintiff**:
   Amr Abdelwase Alaidrus
   100 Irving St Fl2
   Schenectady, NY 12308
   Email: Ammralaidrus@gmail.com
   Phone:838-292-7078
   Pro Se.

2. **The First Defendant:**
   The United States Of America
   John A. Sarcone Iii
   U.S. Attorney's Office
   445 Broadway, Room 218
   Albany, NY 12207-2924
   Telephone: (518) 431-0247
   Fax: (518) 431-0249
   The First Known Employer Of Justin Allende An Offender Mentioned Hereinafter And They Are Behind This Case Fundamentally.

3. **The Second Defendant:**
   Schenectady Police Department
   531 Liberty Street
   Schenectady, NY 12305
   Phone: 518-382-5200.
   The Second Known Employer Of Justin Allende An Offender Mentioned Hereinafter And Unknown Officers.

4. **The Third Defendant:**
   Ellis Hospital
   1101 Nott Street
   Schenectady, NY 12308
   Phone: 518-243-4000.
   Employer Of Sue Anne Ciarmiello And Arun Dhingra And David Sturman And Unknown Security Officers.

5. **The Fourth Defendant:**
   Mental Hygiene Legal Service
   200 Great Oaks Blvd
   Suite 223
   Albany, New York 12203

Phone: (518) 471-4870
Fax: (518) 451-8730.
Employer Of David Crossman.

**6. The Fifth Defendant:**
Schenectady County Court
Hon. Teneka E. Frost
612 State Street
Schenectady, NY 12305.

## Facts

1. On Or About 2023 The United States Of America And Schenectady Police Department Agent Known With Name Justin Allende **("Justin")** Tried To Kill Omar Abdelwase Alaidrus **("Omar")** By Leaving The Tire Of Omar Vehicle Unmounted And

2. On July 15 2024 Justin He Suggested An Attorney For Omar Works With The United States Of America **("The Government")** Against Omar And

3. On About 2024 Justin He Insights To The Family Of The Plaintiff Amr Abdelwase Alaidrus **("Amr")** Literally That If Amr Keeps Saying The Government Want To Kill Him Then Call This Number To Take Him To The Hospital And He Gave The Family A Number And

4. Amr He Was Locked On Himself In His Home Since More Than One Year From The Year Endings 2023 To 2025 Because He Believes The Government Want To Kill Him And

5. On January 11 2025 Amr Sent A Simple Message Without Threats Or Bad Words To The Landlord About A Personal Thing And

6. Farooq Abdelwase Alaidrus Who Is Amr Brother And He Did Not Live With Amr And He Live In New York City And Amr At Schenectady City He Called The Schenectady Police Department From New York City Unreasonably To Take Amr From The House At 100 Irving St, Schenectady, NY 12308 To The Hospital And

7. The Schenectady Police Department Arrived To Amr House And Amr Was Sleeping And They Talked With Amr And They Left The House And

8. While The Schenectady Police Department Leaving The House The Government Sent A Suspicious Government Agents To Amr House Before Amr Close The Doors And

9. One From That Agents Is Justin Who Insighted To The Family Before To Call The Police If Amr Keeps Saying The Government Want To Kill Him Mentioned Hereinbefore And

10. The Suspicious Government Agents Including Justin Came To Amr House To The Second Floor Near The Apartment And Nearly About To Enter The House And

11. Amr Told Them Multiple Times This Is A Private Area Back Up But They Did Not Respond And

12. Amr Get Worried More Because The Government Want To Kill Him And He Locked On Him Self Since One Year In The House And After That

13. The Government Agent Justin Who Insighted Went Outside The House And Called 911 In Bad Faith And Talked On Behalf Of Amr Family And Amr Family Did Not Told Him And He Told The Police The One You Just Saw Him He Means Amr Said Will Burn This House And Threated His Family And Us And

14. Amr He Did Not Said He Will Burn The House And He Did Not Threat His Family Or The Government Agents And

15. The Schenectady Police Department Arrived To The House And Maliciously Without Checking They Arrested Amr And

16. The Schenectady Police Department Took Amr To Not The Jail But To The Ellis Hospital (**"The Hospital"**) At 1101 Nott St, Schenectady, NY 12308 Psychiatry Department And

17. At Ellis Hospital Psychiatry Department C3 Floor First Time Amr Comes To His Shared Room And The Government Already Placed An Agent Roommate And

18. The Roommate Said Frivolous Story About Why He Came To The Hospital And Amr Knows He Is An Agent For The United States He Avoided Him And

19. Amr Slept Outside The Room And That Agent Roommate Started Bothering Amr And Amr Decided To Not Sleep At All In The Rooms And

20. The Hospital Gave Amr The Patients Rights Paper And They Steal It And

21. The Government Was Changing The Roommates And The Agents Patients Every Couple Days To Not Let Amr Know And

22. Amr Tried To Call The Department Of Justice But The Phone Calls Was Muted And

23. Amr Requested Court Hearing To Discharge Him And Writed For The Court In The Form The Government Want To Kill Him And The NYPD FOIL Data **("FOIL-2023-056-17208")** Not Released But Amr Do Not Knows If His Lawyer David Crossman From The Mental Hygiene Legal Service Delivered That To The Court Or Not And

24. Amr Tried To Communicate With The Hospital And Said The Government Want To Kill Him And He Is Refusing The Treatment And

25. Amr Asked The Hospital To Discharge Him And Call The Police As Amr Already Told The Police Before The Arrest If They Arrest Him They Should Take Him Back To The Home Because There Is Some People Want To Kill Him And

26. On January 15 2025 At Approximately 2:35 PM In The Psychiatry Department C3 Floor The Hospital Refused To Call The Police And In Conspiracy To Kill Amr They Suddenly Discharged Amr And They Did Not Allowed Him To Complete A Call To His Family And Aggressively Mistreated Him And

27. The Hospital Called The Security Guy Whose Was Extremely Aggressive And Racist And He Told Amr Move Front Him Quickly Before He Complete Wearing The Gloves And

28. He Forced Amr To Change The Clothes Without Closing The Bathroom Door And Front Him And He Said To Amr Literally Like No Privacy And

29. He Told Amr He Will Get A Shot In The Street In The C3 Floor Bathroom And Before That Said A Cockroach Die In The Street And

30. The Hospital Did Not Requested A Medicab Ride For Amr Or Called His Family To Pick Up Him And

31. He Prevented Amr From Calling Anyone To Pick Up Him And

32. He Took Amr To The Middle Of The Street Not Just Leaving Amr At The Hospital Door But To The Middle Of The Street And

33. He Told Amr Literally Take The Bus And Do Not Back To The Hospital And If You Back We Will Charge You Trespass And

34. Amr Knows In That Time They Want Kill Him And

35. After Minutes Amr Get Cold And Stuck In The Street He Come Back To The Hospital To Call Anyone To Pick Up Him And

36. Amr He Saw A Government Agents Bother Him And

37. Amr Called Someone To Pick Up Him And He Was Waiting At The Starbucks Inside The Hospital And

38. After Minutes The Hospital Security Guys Comes And Maliciously Took Amr To The Psychiatry Unit Again And

39. The Patients Was Government Agents Bothering Amr Every Quarter Hour For More Than One Month Very Aggressive Uncountable Violations In The Hospital And

40. Amr Was Eating Only Packaged Food For More Than One Month Because The Hospital Food Prepared For Amr Contaminated And

41. Amr Was Not Sleeping In His Shared Room Since His Arrival To The Hospital And Discharged Which Is More Than One Month And

42. Amr He Was Sleeping In The Hall Ways Floor For More Than One Month Because The Patients Are Government Agents Want To Kill Him And

43. During That The Government Sent Asian Serial Killer Was Killing Amr In The Bathroom And Amr Stopped Using The Bathroom For Five Days And

44. That Asian Tried To Kill Amr In The Hall Way Front The Security Man And

45. Amr Requested A Court Hearing Form To Write Again The Government Want To Kill Him And The NYPD FOIL Data Not Released But The Hospital Refused Multiple Times And

46. The Hospital After Many Attempts From Amr To Discharge Him Or Have A Court The Hospital And Its Workers Doctor SUE ANNE CIARMIELLO And ARUN DHINGRA And DAVID STURMAN They Finally After Weeks From Lying And Floundering Requested From The Schenectady County Court Authorization To Treat Amr And

47. The Hospital Stated In The Petition Request From The Court Wrong Information Intentionally They Said Amr The Patient Has A History Of Mental Health Hospitalizations And

48. Amr Does Not Have A History Of Any Mental Illnesses Or Treatments And

49. The Hospital Stated Amr The Patient Was Brought To The Hospital By The Schenectady Police Department After Reportedly Threatening To Burn Down His Family Home And

50. Amr Already Told The Hospital What The Police Said Is Not True And I Did Not Said Any Of That And You Can Call My Family And

51. The Doctor Sue Anne Ciarmiello She Called VoIP Fake Number Front Amr And She Said Your Family Not Answer And Amr Told Her But You Did Not Called My Family Yet And

52. Amr Was Calling His Family Every Day Since He Arrived To The Hospital Without Any Issue And

53. Amr Told The Hospital For Example Even If I Said That I Am Over 18 Years And My Family And You Shall Prosecute Me As The Other Criminals Whose Said That So I Can Fight It In The Court And My Innocence Are Able To Appear And Or Kick Me Out From The House Not Tampering Me And Throw Me In The Hospital Because My Family And You Do Not Have The Right To Treat Me But Prosecute Me Is Just And Proper And Do Not Connect My Rights To My Family Because I Have My Private Rights And My Family Do Not Have Them And Discharge Me I Will Not Come To My Family House Despite That Is Not Your Business Because I Am Friends With My Family And The One Who Call The Police And Bring Me To Right Here Not My Family Fundamentally And

54. Before The Court Date February 11 2025 To Force Amr Take A Treatment Amr Told The Mental Hygiene Legal Service Lawyer David Crossman To Request A Jury Hearing But The Lawyer Told Amr If We Lose We Will Do Rehearing With Jury Means There Is An Appeals And

55. On February 11 2025 The Court Day Amr Attended The Court Remotely Via The Video Call And

56. Amr He Politely And Cooperatively Told The Schenectady County Court Everything About The Government Want To Kill Him And The NYPD Foil Data Not Released And The Person Whose Call The Schenectady Police Department And Bring Amr To

The Hospital Is Not His Family But Government Agent On Behalf Of His Family Without The Family Request But The Court Was Bias Motivated And

57. The Court Told Amr The Session Ended Close The Video Call And Go To Your Room Before The Court Deciding And

58. Amr Did Not Attended The Rest Part And He Left That Calling Room And

59. The Court Reason Was To Prevent Amr From Appeal If He Hear Them In The Real Time That He Lose And

60. The Court Did Not Investigate And Granted The Hospital Order To Treat Amr And

61. The Hospital Workers Came To Amr And Said We Win Take These Pills And

62. Amr Said But The Lawyer David Crossman Did Not Call Me Yet To Let Me Know If I Lose Or Not And I Want To Appeal But They Forced Amr Immediately To Take That Pills Or They Will Administering Injections And Amr Take The Pills And

63. Amr Waited To The Lawyer But No Contact And Amr Left For Him Messages But He Did Not Call Ever After That Court Date And

64. The Affirmation Request From The Court Stated That They Will Give Amr Invega Orally Medication  And Will Test The Efficiency And Tolerance And If Tolerated They Will Give Invega Injections And If Not Tolerated Then They Will Change The Medication And

65. The Medication Invega Was Not Tolerated And Amr Got Severe Chest Pain Near His Liver And Acute Sickness But After That The Hospital Forcibly Continued To Administering Invega Injections And

66. After Couple Days From Administering That Untolerated Invega Medication Pills The Hospital Came To Amr To Administering Unknown Injections But Amr Said I Already Cooperated To Take The Invega Medication Pills And There Is No Need To Give The Injections And All The Other Patients Treated With Only Pills But The Hospital Want To Punish Amr Because He Did Not Cooperate To Take The Pills Initially And He Tried To Win In The Court Hearing And The Hospital Already Win To Treat Him Forcibly And

67. The Hospital Administered Unknown Injections To Amr And Amr Fall In The Dinning Room And

68. The Hospital Kept Forcibly To Give Amr Medications In Form Pills And Injections More Than The Stated In The Affirmation Which Stated Literally That Hereinafter

69. *"Specifically The Initial Proposed Treatment Would Be To Start The Patient On Invega Oral And Evaluate For Efficacy And Tolerance"*

70. Means Couple Days On Administering The Invega Medication Orally And Then Stated That Hereinafter

71. *"And If Tolerated The Proposed Treatment Would Be To Administer The First 234 Mg Sustenna Long Acting Injection Followed By 156 Mg Four To Seven Days After"*

72. Means After The Oral Medication Tolerated For Days They Will Stop It And Give Injections And

73. The Hospital Doctor Sue Anne Ciarmiello And Some Nurses Told Amr At First Time Administering First Injection No More Pills And

74. They Kept Force Amr To Take Pills Every Day Since February 11 2025 Until Amr Discharged On February 21 2025 Nearly About 10 Days And The Reasonable 3 Days Giving Pills Because There Is Injections After That And

## Causes Of Action

### Against First Defendant: THE UNITED STATES OF AMERICA

The First Known Employer Of Justin Allende And Director Of Other Parties And Behind The Violators Patients.

### FIRST CAUSE OF ACTION

Violation Of Constitutional Rights Under Color Of Law (42 U.S.C. § 1983)

1. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs As If Fully Set Forth Herein.

2. Defendant, Through Its Agent Justin Allende And Other Government Personnel, Acted Under Color Of Federal Law To Violate Plaintiff's Clearly Established Rights Under The U.S. Constitution.

3. The Violations Include, But Are Not Limited To:

Denial Of Liberty Without Due Process (Fifth And Fourteenth Amendments),

Unreasonable Seizure And Arrest Without Probable Cause (Fourth Amendment),

Forced Medical Treatment And Bodily Intrusion (Fourth And Fourteenth Amendments),

Retaliation For Plaintiff's Protected Speech Concerning Government Misconduct (First Amendment),

Cruel And Unusual Punishment By Subjecting Plaintiff To Inhumane Conditions And Psychological Torture (Eighth Amendment).

4. These Actions Caused Plaintiff To Suffer Permanent Injuries, Psychological Trauma, Disability, And Loss Of Quality Of Life.

5. Plaintiff Seeks Compensatory And Punitive Damages Under 42 U.S.C. § 1983 And Applicable Federal Law.

## SECOND CAUSE OF ACTION

Conspiracy To Violate Civil Rights (42 U.S.C. § 1985(3))

1. Defendant, Through Its Agents And In Coordination With Local Police, Hospital, Legal Service Providers, And County Court, Conspired To Deprive Plaintiff Of Equal Protection Under The Laws And Equal Privileges And Immunities Under The Constitution.

2. This Conspiracy Included Coordinated Actions To Falsely Detain, Hospitalize, Medicate, And Defame Plaintiff Based On Animus Toward His Protected Conduct And Expression.

3. Defendant's Agent Justin Allende Initiated And Participated In This Conspiracy By Orchestrating The Psychiatric Intervention, Fabricating Threats, And Ensuring Plaintiff's Forced Commitment.

4. Plaintiff's Rights Were Violated As A Direct And Proximate Result Of This Conspiracy.

5. Plaintiff Seeks Compensatory And Punitive Damages Under 42 U.S.C. § 1985.

## THIRD CAUSE OF ACTION

Failure To Prevent Civil Rights Violations (42 U.S.C. § 1986)

1. Defendant And Its Agents Had Actual Knowledge Of The Unlawful Conspiracy And Failed To Prevent Or Intervene Despite The Ability To Do So.

2. The U.S. Agent Justin Allende And Others Failed To Report Or Stop The Unlawful Psychiatric Detention, Forced Treatment, And Abuse Inflicted On Plaintiff.

3. Defendant's Failure Resulted In Plaintiff's Ongoing Harm, Disability, And Suffering.

4. Plaintiff Seeks Damages As Permitted Under 42 U.S.C. § 1986.

## FOURTH CAUSE OF ACTION

Violation Of The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(B), 2671 Et Seq.

1. Defendant Is Liable Under The FTCA For The Wrongful Acts And Omissions Of Its Agents Acting Within The Scope Of Their Employment.

2. Agent Justin Allende's Acts—Including Perjury, Psychological Coercion, And Malicious Abuse Of Process—Constitute Torts Under New York State Law, Including Negligence, Intentional Infliction Of Emotional Distress, Negligence Infliction Of Emotional Distress, False Imprisonment, And Assault.

3. These Acts Caused Plaintiff Grave Personal And Professional Harm.

4. Plaintiff Has Satisfied Or Will Satisfy All Administrative Prerequisites Required Under The FTCA.

5. Plaintiff Seeks Damages In Accordance With The FTCA. And

### Causes Of Action

### Against Second Defendant: SCHENECTADY POLICE DEPARTMENT

The Second Known Employer Of Justin Allende And Unknown Officers

### FIRST CAUSE OF ACTION

Violation Of Constitutional Rights Under Color Of Law (42 U.S.C. § 1983)

Count I: Unlawful Seizure And Arrest Without Probable Cause
(Violation Of The Fourth And Fourteenth Amendments)

1. Plaintiff Repeats And Realleges All Preceding Paragraphs As If Fully Set Forth Herein.

2. On Or About January 11, 2025, Defendant Schenectady Police Department Unlawfully Entered Or Responded To Plaintiff's Residence At 100 Irving St, Schenectady, NY, After Receiving A Call From An Individual Not Part Of Plaintiff's Household, With No Credible Or Corroborated Evidence.

3. Plaintiff Had Committed No Crime, Made No Threats, And Was Not Posing A Danger To Himself Or Others.

4. Despite This, Officers Detained Plaintiff And Transported Him Not To Jail Or For Criminal Processing, But Directly To Ellis Hospital's Psychiatric Unit, Without A Warrant, Without Probable Cause, And Without Any Exigent Circumstances But Maliciously.

5. Such Seizure Violated Plaintiff's Rights Under The Fourth Amendment As Applied To The States Through The Fourteenth Amendment And Other Applicable Laws.

6. As A Direct And Proximate Result Of This Unlawful Seizure, Plaintiff Suffered Loss Of Liberty, Emotional Distress, Physical Harm, And Lasting Medical And Psychological Injury.

Count II: Conspiracy To Violate Civil Rights
(42 U.S.C. § 1983 And § 1985(3))

7. Defendant Schenectady Police Department, In Concert With The United States Agent Justin Allende And Other Government Actors, Conspired To Deprive Plaintiff Of His Constitutional Rights, Including His Liberty, Bodily Autonomy, Due Process, And Privacy.

8. As Described Above, Federal Agents, Including Justin Allende, Manipulated Plaintiff's Family And Made False Statements To Instigate A Psychiatric Detention.

9. The Schenectady Police Acted On Information Provided By Such Agents, Including Knowingly False Statements That Plaintiff Had Made Threats, Despite No Firsthand Verification.

10. By Acting In Coordination With Federal Agents And Hospital Officials To Detain Plaintiff Under False Pretenses, Defendant Engaged In An Unlawful Conspiracy, Violating Plaintiff's Civil Rights Under Color Of Law.

11. Plaintiff Suffered Damages Including Wrongful Detention, Forced Medication, Disability, Trauma, And Financial And Reputational Ruin.

Count III: Failure To Protect And Deliberate Indifference

(Violation Of Fourteenth Amendment Due Process)

12. Defendant Schenectady Police Department Failed To Investigate Or Verify The Claims Made Against Plaintiff Prior To Seizing And Transporting Him.

13. Officers Ignored Plaintiff's Own Statements And Physical Condition, Failed To Consult Appropriate Mental Health Crisis Teams Or Provide Proper Assessment, And Simply Delivered Plaintiff Into The Custody Of A Hospital That Subjected Him To Abusive, Coercive Treatment.

14. This Failure Amounted To Deliberate Indifference To Plaintiff's Liberty, Safety, And Well-Being.

15. The Actions Of The Police Officers Were Arbitrary, Conscience-Shocking, And Deprived Plaintiff Of His Rights Without Due Process Of Law.

Count IV: Retaliation For Protected Speech
(First And Fourteenth Amendments Via 42 U.S.C. § 1983)

16. Plaintiff Had Repeatedly Expressed Fear Of Being Targeted Or Harmed By The U.S. Government, A Belief Grounded In Prior Events.

17. Defendant's Actions In Arresting And Hospitalizing Plaintiff Were, In Part, Retaliatory For His Protected Expression Of These Fears, As His Statements Were Neither Threats Nor Criminal.

18. Defendant's Response—Labeling Plaintiff's Expression As Justification For Psychiatric Detention—Amounts To Unlawful Retaliation Against Constitutionally Protected Speech.

## NEW YORK STATE CLAIMS

Count V: False Imprisonment
(Under New York State Law)

19. Plaintiff Repeats And Realleges All Prior Paragraphs As If Fully Set Forth Herein.

20. On Or About January 11, 2025, Officers Of The Schenectady Police Department, Acting Without A Warrant Or Probable Cause, Detained And Confined Plaintiff Against His Will By Forcibly Transporting Him To Ellis Hospital's Psychiatric Facility.

21. Plaintiff Was Conscious Of The Confinement And Did Not Consent To It.

22. There Was No Lawful Justification For Plaintiff's Confinement, As No Crime Had Been Committed And No Mental Health Evaluation Had Occurred Prior To His Removal.

23. As A Result Of This Unlawful Confinement, Plaintiff Suffered Harm, Including Emotional Distress, Trauma, And Physical Injury.

Count Vi: Assault And Battery
(Under New York State Law)

24. Officers Of The Schenectady Police Department, Acting In Concert With Hospital Staff, Physically Seized, Restrained, And Transported Plaintiff Without Consent Or Medical Justification.

25. Said Acts Involved Offensive And Harmful Physical Contact That Plaintiff Did Not Consent To And Were Not Legally Authorized Under Any Emergency Exception.

26. These Actions Constituted Assault And Battery Under New York Law.

27. Plaintiff Suffered Pain, Distress, And Trauma As A Direct Result.

Count Vii: Negligence
(Under New York State Law)

28. Defendant Owed Plaintiff A Duty Of Care To Act Reasonably And Within The Confines Of The Law When Responding To A Mental Health-Related Call.

29. Defendant Breached That Duty By Failing To Conduct A Reasonable Investigation, Verify Claims Made Against Plaintiff, Or Consider Less Intrusive Alternatives Before Seizing Him.

30. Defendant Further Breached Its Duty By Failing To Ensure Plaintiff's Safety And Well-Being, Exposing Him To Harm Through Unjustified Psychiatric Commitment And Forced Medication.

31. As A Direct And Proximate Result Of This Negligence, Plaintiff Suffered Physical, Emotional, Psychological, And Financial Harm.

Count Viii: Intentional Infliction Of Emotional Distress
(Under New York State Law)

32. The Conduct Of Defendant Schenectady Police Department In Detaining Plaintiff Under Knowingly False Or Unverified Pretenses, And Delivering Him Into Psychiatric Confinement Where He Was Drugged And Abused, Was Extreme And Outrageous.

33. Defendant's Conduct Was Intentional Or Carried Out With Reckless Disregard For The Emotional And Physical Well-Being Of Plaintiff.

34. As A Result, Plaintiff Suffered Severe Emotional Distress And Long-Term Psychological Injury.

Count Ix: Negligent Infliction Of Emotional Distress
(Under New York State Law)

35. Plaintiff Repeats And Realleges All Prior Paragraphs As If Fully Set Forth Herein.

36. Defendant Schenectady Police Department Owed Plaintiff A Duty To Exercise Reasonable Care In The Execution Of Its Police Functions, Including The Handling Of Alleged Mental Health Crises.

37. Defendant Breached That Duty By Negligently Seizing Plaintiff Without Proper Investigation, Assessment, Or Legal Justification, And Delivering Him Into A Psychiatric Facility Where He Was Forcibly Medicated And Traumatized.

38. Defendant's Actions Unreasonably Endangered Plaintiff's Physical Safety And Caused Him To Fear For His Life And Well-Being.

39. As A Direct And Proximate Result Of Defendant's Negligence, Plaintiff Suffered Severe Emotional Distress, Mental Anguish, Humiliation, And Long-Term Psychological Injury.



## Causes Of Action

### Against Third Defendant: ELLIS HOSPITAL

Employer Of Sue Anne Ciarmiello And Arun Dhingra And David Sturman And Unknown Security Officers

(Ellis Hospital Acted Under Color Of State Law And Working In Conjunction With Schenectady County Public Health Services And Cooperated With Schenectady Police Department And Federally Funded Or Related Appropriate Laws),

### FIRST CAUSE OF ACTION

COUNT ONE
42 U.S.C. § 1983 – Deprivation Of Civil Rights Under Color Of State Law (Unlawful Seizure And Involuntary Commitment Pursuant To State Law And Other Applicable Laws)

Plaintiff Repeats And Realleges All Preceding Paragraphs As If Fully Set Forth Herein.

Defendant ELLIS HOSPITAL, Acting Under Color Of State Law, Unlawfully Admitted And Detained Plaintiff AMR ABDELWASE ALAIDRUS In Its Psychiatric Facility Without A Legitimate Legal Basis. Plaintiff Was Not A Danger To Himself Or Others, And There Was No Lawful Court Order For Commitment At The Time Of Admission.
This Unlawful Seizure Violated Plaintiff's Rights Under The Fourth And Fourteenth Amendments Of The United States Constitution.

1. Fourth Amendment – Unlawful Seizure & Arrest

Arrested And Detained Without Probable Cause Or Warrant.
Forcible Psychiatric Detention Without Legal Basis.

2. Fourteenth Amendment – Due Process Violations

Denial Of Fair Court Process, Biased Proceedings .

Involuntary Medication Without Meaningful Legal Representation Or Due Process.

Use Of Fabricated Or Unverified Statements To Justify Forced Treatment.

3. Fourteenth Amendment – Equal Protection

Disparate Treatment, Potential Bias Based On Perceived Mental Health, Race, Religion, Or Beliefs.

4. Eighth Amendment – Cruel And Unusual Punishment

Deliberate Indifference To Medical Safety And Well-Being .

Exposure To Harmful Medications Causing Permanent Injury.

5. First Amendment: Retaliation For Expressing Political Beliefs (E.G., Stating The Government Wants To Kill Him).

COUNT TWO

42 U.S.C. § 1983 – Deprivation Of Liberty Without Due Process Of Law (Involuntary Psychiatric Treatment)

Defendant Ellis Hospital, In Conjunction With Other Actors Including The Schenectady Police Department And State-Affiliated Mental Health Services, Forcibly Administered Psychiatric Medications To Plaintiff Without Informed Consent, And Despite Plaintiff's Objections And Demonstrated Adverse Reactions.
This Conduct Constitutes A Violation Of Plaintiff's Substantive And Procedural Due Process Rights Under The Fourteenth Amendment And Other Laws.

Count Three
42 U.S.C. § 1983 – Cruel And Unusual Punishment (Excessive And Experimental Medication)

Defendant Ellis Hospital, By Forcibly Administering Unknown Or Excessive Psychiatric Medications Including Invega Despite Known Adverse Effects (Chest Pain, Neurological Damage, Heart Complications), And Continuing To Medicate Beyond The Scope Of Any Court Order, Subjected Plaintiff To Inhumane And Degrading Treatment In Violation Of The Eighth And Fourteenth Amendments.

Count Four
False Imprisonment And Unlawful Detention Under New York State Law

Defendant Ellis Hospital Unlawfully Restrained Plaintiff Within Its Facility For An Extended Period Under False Pretenses, Without Proper Legal Justification Or Valid Commitment Order. Plaintiff Was Not Permitted To Leave, Denied The Right To Contact Family Or An Attorney, And Deprived Of Medical Autonomy, Constituting False Imprisonment Under New York Law.

Count Five
Medical Malpractice And Gross Negligence

Defendant Ellis Hospital Committed Medical Malpractice By:
A) Misdiagnosing Plaintiff Without A Valid Psychiatric Evaluation;
B) Administering Medications That Were Not Medically Necessary Or Appropriate;
C) Failing To Monitor Adverse Effects;
D) Ignoring Plaintiff's Reports Of Harm;
E) Violating Medical Protocols Regarding Patient Rights And Consent.
These Acts And Omissions Caused Plaintiff Severe, Permanent Physical And Mental Injuries.

Count Six
Negligent Hiring, Supervision, And Retention

Defendant Ellis Hospital Knowingly Employed And Permitted Unqualified Or Malicious Personnel, Including Security Staff And Medical Professionals Who Engaged In Abusive, Threatening, And Racially Discriminatory Conduct.
Despite Plaintiff's Complaints, The Hospital Failed To Investigate, Discipline, Or Remove These Individuals, Directly Contributing To Plaintiff's Harm.

Count Seven
Violation Of Title Ii Of The Americans With Disabilities Act (Ada) – Discrimination And Failure To Accommodate

Plaintiff, During The Time Of Confinement, Was Disabled And Entitled To Reasonable Accommodations. Defendant Ellis Hospital Discriminated Against Plaintiff By Refusing To Accommodate His Communication Needs, Denying Access To Outside Contact, Mishandling His Foil Requests, And Failing To Provide Safe Living Conditions Within The Hospital.
Such Actions Violate Title Ii Of The Ada, 42 U.S.C. § 12132.

Count Eight
Intentional Infliction Of Emotional Distress (Iied) And
Negligence Infliction Of Emotional Distress (Nied)

Defendant Ellis Hospital Intentionally Or Recklessly Caused Plaintiff Severe Emotional Distress Through:
A) Forced Drugging;
B) Abandonment In The Street;
C) Degrading Security Practices Including Forced Undressing And Verbal Abuse;
D) Hostile Hospital Conditions, Including Denial Of Food, Hygiene, Privacy, And Court Access;
E) Psychological Terror From Placing Government Agents As Roommates And Observers.
This Conduct Is Extreme, Outrageous, And Exceeds All Bounds Of Decency.

Count Nine
Conspiracy To Interfere With Civil Rights (42 U.S.C. § 1985)

Defendant Ellis Hospital Knowingly Conspired With Government Agents, Police Officers, And Mental Health Legal Service Staff To Deprive Plaintiff Of His Civil Rights, Particularly Access To Courts, Medical Autonomy, Freedom From Unlawful Detention, And Freedom From Cruel Treatment, Based On A Shared Discriminatory And Retaliatory Motive.

Count Ten
Violation Of New York State Patients' Bill Of Rights (Mental Hygiene Law § 33.01 Et Seq.)

Defendant Ellis Hospital Violated Plaintiff's Statutory Rights Under New York's Mental Hygiene Law By Failing To:

A) Ensure Due Process Before Involuntary Treatment;

B) Provide Complete And Accurate Patient Rights Information;

C) Protect Plaintiff From Abuse And Retaliation By Staff Or Third Parties;

D) Respond Appropriately To Grievances And Discharge Requests.

### Causes Of Action

### Against Fourth Defendant: MENTAL HYGIENE LEGAL SERVICE

Employer Of David Crossman

FIRST CAUSE OF ACTION

Legal Malpractice – Violation Of The Right To Effective Assistance Of Counsel Under 42 U.S.C. § 1983

1. Plaintiff Repeats And Realleges All Preceding Paragraphs As If Fully Set Forth Herein.

2. Defendant Mental Hygiene Legal Service And Its Employee And Attorney David Crossman Were Appointed Or Assigned As Counsel To Represent Plaintiff During Involuntary Psychiatric Hospitalization And Proceedings In Schenectady County Court, Acted Under Color Of State Law And Other Applicable Laws.

3. Defendant Owed Plaintiff A Fiduciary And Constitutional Duty To Provide Effective Assistance Of Legal Counsel, Protect His Liberty Interests, And Zealously Advocate For His Express Wishes.

4. Plaintiff Specifically Requested That His Counsel Demand A Jury Trial In Connection With His Court Hearing On Or About February 11, 2025, Regarding Forced Psychiatric Medication.

5. Despite Amr's Clear And Repeated Instructions, David Crossman Failed To Zealously Advocate For His Client's Liberty Interests, Failed To Communicate The Outcome Of The Court Hearing, And Failed To File An Appeal On Amr's Behalf After The Court Granted Involuntary Treatment.



6. Defendant's Attorney David Crossman Willfully Or Negligently Disregarded Plaintiff's Request For A Jury Trial And Instead Falsely Advised That Plaintiff Could Appeal Afterward, Which Misrepresented Plaintiff's Rights And Procedural Options, Thereby Waiving Essential Rights Without Plaintiff's Informed Consent.

7. Defendant Also Failed To Advocate Zealously For Plaintiff, Failed To Communicate With Him After The Court Hearing, And Failed To Pursue Appropriate Objections Or Appeals, Despite Being Made Aware Of Fabricated Statements And Evidence Relied Upon By Ellis Hospital And The Court.

8. As A Direct And Proximate Result Of Defendant's Gross Negligence, Legal Malpractice, And Failure To Fulfill Constitutional Duties, Plaintiff Was Unlawfully Medicated Against His Will, Resulting In Permanent Physical And Mental Injuries, Loss Of Livelihood, And Substantial Damages.

9. Defendant Acted Under Color Of State Law And Participated In Or Facilitated The Deprivation Of Plaintiff's Rights Secured Under The Fourteenth Amendment To The United States Constitution, Including Liberty, Bodily Autonomy, And Due Process.

## SECOND CAUSE OF ACTION

(Civil Conspiracy To Violate Constitutional Rights – 42 U.S.C. § 1983)

9. Plaintiff Repeats And Realleges All Preceding Paragraphs.

10. Defendant Mental Hygiene Legal Service And Its Employee Knowingly And Willfully Conspired With Ellis Hospital, The Schenectady Police Department, And Others Acting On Behalf Of The United States To Detain, Medicate, And Silence The Plaintiff Under The Pretext Of Mental Illness.

11. Defendant Acted In Agreement With Other Actors To Suppress Plaintiff's Allegations Of Government Misconduct By Sabotaging His Legal Representation, Intentionally Withholding Exculpatory Records Such As NYPD FOIL Data, And Failing To Present Plaintiff's Claims Or Defenses During The Court Proceeding.

12. This Joint Participation And Conspiracy Resulted In The Deprivation Of Plaintiff's Federally Protected Rights, Including The Right To Access The Courts, The Right To Bodily Integrity, And The Right To Due Process.

13. As A Direct And Proximate Result, Plaintiff Suffered The Aforementioned Catastrophic Injuries And Damages.

## THIRD CAUSE OF ACTION

(Negligent Infliction Of Emotional Distress) And

(Intentional Infliction Of Emotional Distress)

14. Plaintiff Repeats And Realleges All Preceding Paragraphs.

15. Defendant Owed Plaintiff A Duty Of Reasonable Care As His Legal Representative During An Involuntary Commitment Proceeding.

16. Defendant's Grossly Negligent Legal Representation, Failure To Object To Fabricated Evidence, And Abandonment Of Plaintiff At Critical Legal Junctures Created A Foreseeable And Severe Risk Of Emotional Distress.

17. Plaintiff Experienced Extreme Emotional Anguish, Helplessness, And Trauma As A Result Of Being Forced To Take Harmful Medications, Isolated, And Left Defenseless Against Unlawful Psychiatric Commitment.

18. The Emotional Distress Suffered By Plaintiff Was Serious, Enduring, And Directly Traceable To The Failures And Negligence Of The Defendant.

## FOURTH CAUSE OF ACTION

(Violation Of The Americans With Disabilities Act – 42 U.S.C. § 12132)

19. Plaintiff Repeats And Realleges All Preceding Paragraphs.

20. Plaintiff Was Perceived As Having A Mental Disability And Subjected To Psychiatric Detention And Forced Treatment.

21. Defendant Mental Hygiene Legal Service Failed To Provide Appropriate Legal Accommodations Or Challenge The Discriminatory Basis Of Plaintiff's Detention And Treatment.

22. Defendant Failed To Advocate For Plaintiff's Autonomy And Decision-Making Rights, Instead Cooperating With State Actors In Subjecting Plaintiff To Unequal Treatment, Forced Medication, And Denial Of Services Based On Alleged Disability.

23. Such Conduct Constitutes Discrimination Under The ADA And Resulted In Profound And Permanent Harm To Plaintiff.

## Causes Of Action

### Against Fifth Defendant: SCHENECTADY COUNTY COURT

#### FIRST CAUSE OF ACTION

Violation Of Substantive And Procedural Due Process Under The Fourteenth Amendment And Other Amendments And Applicable Laws (42 U.S.C. § 1983)

1. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs As Though Fully Set Forth Herein.

2. Defendant SCHENECTADY COUNTY COURT Acted Under Color Of State Law When It Authorized The Forced Treatment Of Plaintiff Amr Abdelwase Alaidrus Without Affording Him Meaningful Due Process, And Based On False And Unverified Allegations.

3. The Court Knowingly Relied On Materially False Statements Submitted By Ellis Hospital, Including Claims That Plaintiff Had A History Of Mental Health Hospitalizations And Had

Threatened To Burn His Family's House—Allegations Plaintiff Had Disputed And Which
Were Never Substantiated.

4. The Court Refused To Investigate The Factual Accuracy Of The Petition, Failed To
Permit Plaintiff To Present Exculpatory Evidence, And Conducted The Hearing In A Biased
Manner, Including Ending The Video Hearing Prematurely And Not Allowing Plaintiff To
Hear The Decision In Real Time.

5. The Court's Conduct Deprived Plaintiff Of His Fundamental Liberty Interest In Bodily
Autonomy, The Right To Refuse Medical Treatment, And Access To A Fair And Impartial
Hearing, Violating His Fourteenth Amendment Rights.

6. As A Result, Plaintiff Suffered Extreme Mental And Physical Harm, Ongoing Trauma,
And Permanent Disabilities.

## SECOND CAUSE OF ACTION

Failure To Provide Equal Protection Of The Laws (Fourteenth Amendment; 42 U.S.C. §
1983)

7. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs.

8. Defendant SCHENECTADY COUNTY COURT Acted Under Color Of State Law And
Deprived Plaintiff Of Equal Protection By Discriminating Against Him Due To His Reports
That The Government Wanted To Kill Him, Treating Him As Mentally Ill Without Any
History Or Independent Investigation.

9. Other Similarly Situated Individuals Who Make Allegations Of Criminal Misconduct By
Government Agents Are Entitled To Judicial Process And Evidentiary Hearings; Plaintiff
Was Not Afforded The Same Treatment And Was Instead Silenced, Ignored, And Subjected
To Forced Drugging.

10. The Court Showed Deliberate Indifference To Plaintiff's Rights And Created An
Unequal Application Of The Law By Rubber-Stamping The Hospital's Petition Without
Scrutiny Or Fairness.

## THIRD CAUSE OF ACTION

Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)

11. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs.

12. Defendant SCHENECTADY COUNTY COURT, In Concert And Agreement With Ellis Hospital And Others, Engaged In A Conspiracy To Deprive Plaintiff Of His Constitutional Rights, Including His Rights To Due Process And To Refuse Medical Treatment.

13. The False Affirmations Submitted By The Hospital Were Accepted Without Scrutiny By The Court, And The Court's Swift Granting Of Forced Medication Orders Despite Plaintiff's Opposition And Pending Evidence Shows A Pattern Of Coordination And Prearranged Outcome.

14. This Agreement And Coordinated Action Caused Plaintiff To Be Forcibly Medicated With Harmful Substances, Leading To Long-Term, Life-Altering Injuries.

## FOURTH CAUSE OF ACTION

State Law Claim: Abuse Of Process

15. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs.

16. Defendant SCHENECTADY COUNTY COURT Misused Legal Process By Granting Involuntary Treatment Based On Fraudulent Claims And Improper Motives, Namely Silencing Plaintiff And Aiding Government Agents In Retaliating Against Him.

17. The Court's Misuse Of Psychiatric Commitment Procedures Was Not For The Lawful Purpose Of Treatment, But To Effectuate Retaliation And Prevent Plaintiff From Exposing Governmental Misconduct.

18. This Abuse Of Process Directly Resulted In Unlawful Detention, Forced Drugging, And Profound Personal And Professional Damages.


### FIFTH CAUSE OF ACTION

State Law Claim: Negligence And Gross Negligence

19. Plaintiff Re-Alleges And Incorporates By Reference All Preceding Paragraphs.


20. Defendant SCHENECTADY COUNTY COURT Owed Plaintiff A Duty Of Care In Reviewing Petitions For Involuntary Treatment And Ensuring That Due Process Is Strictly Observed.


21. The Court Breached That Duty By Failing To Verify Allegations, Denying Plaintiff A Fair Hearing, And Authorizing Treatment Based On Unsupported And Contested Claims.


22. The Court's Actions Were Not Only Negligent But Grossly Negligent, Exhibiting Reckless Disregard For Plaintiff's Health, Autonomy, And Constitutional Rights.


**Damages**


1. The Unknown Injections And Medications And Conducts Caused To Amr Mental Disability For His Life And Acute Trauma And Parkinson Disease And Chronic Heart Diseases Such As Serious Palpitations And Restless Legs Syndrome And

Decreased Vision And High Blood Pressure And Chronic Anxiety And Chronic Depression And Acute Brain Fog And

2. Condition Called Akathisia Since Months Not Treated Until Today April 4 2025 And Even After Amr Traveled To Canada For Treatment And New York City Because The Cause Hospital Ellis Hospital And Local Hospitals Did Not Treat Amr From The Government Directions And

3. Amr He Was Scientist But Not Anymore After That Treatment And He Was Have Studies To Be Published On National Center for Biotechnology Information But Not Able To Fetching Them And

4. Amr He Was Expert Witness And Unlicensed Lawyer For The Others But Not Anymore After That Treatment And

5. Amr He Was Business Man But Not Anymore After That Treatment And He Lost His Products Informations Like The Food Recipes And The Supplements Ingredients And Other Patented Products And

6. Amr He Was Actor But Not Anymore And He Can Not Write Any Scenarios And

7. Amr He Was Religious Figure And Reciter But Not Anymore After That Treatment And

8. Amr Lost His Figure For His Life After That Treatment And

9. Amr Lost His Reputation After That Treatment And

10. They Destroyed Amr Dreams And One Of Them To Be Gymnast And

11. Amr Will Be Sleepy Person In His Room For His Life After That Treatment And

12. Amr He Can Not Take Care Of Himself In Basic Needs For His Life After That Treatment And

13. Amr Disabled Sexually For His Life After That Treatment And

14. Amr Disabled Athletically For His Life After That Treatment And

15. Amr Get Worse Everyday He Do Not Know What They Injected Him And

16. Amr He Got More Than Thirty Cases Involves Monetary Claims And One Criminal Case Freedom For His Brother OMAR ABDELWASE ALAIDRUS But After The

Treatment He Can Not Fetching The Evidences Or Handle Them [Exhibit (A) Enclosed With The Complaint And In Complaint Documentation Resources Online Link And Qr Code Provided Below] And

17. The Aforementioned Monetary Damages To Be Estimated Until Today April 16 2025 In Lump Sum 500,000,000$, Five Hundred Million Dollars

**Prayer For Relief**

WHEREFORE, Plaintiff Amr Abdelwase Alaidrus Respectfully Requests That This Court Grant The Following Relief Against The Defendants, Jointly And Severally:

1. Compensatory Damages Estimated To Be In The Amount Of Five Hundred Million Dollars ($500,000,000) Or More As The Court Deems Just And Proper, For:

Permanent Physical And Mental Disability;

Severe Emotional Distress And Psychological Trauma;

Loss Of Professional Ability And Livelihood As A Scientist, Legal Researcher, Businessman, Actor, And Religious Figure;

Destruction Of Personal Work, Publications, And Intellectual Property;

Permanent And Long Lasting Neurological Injuries Including Parkinson's Disease, Akathisia, Chronic Anxiety, Depression, High Blood Pressure, Chest Pain, Decreased Vision, And Sexual And Athletic Disability;

Loss Of Reputation, Future Earnings, And Quality Of Life;

Lifetime Need For Medical And Psychological Care.

2. Punitive Damages In An Amount To Be Determined At Trial, For The Intentional, Malicious, And Outrageous Conduct By The Defendants, Including:

   Fabricating False Reports;

   Coercing Psychiatric Treatment Under False Pretenses;

   Administering Harmful And Unauthorized Medications;

   Denying Access To Legal Counsel, Medical Records, And The Courts;

   Retaliating Against Plaintiff For Asserting His Constitutional Rights;

   Conspiring To Suppress Plaintiff's Liberty, Property, And Speech.

3. Declaratory Judgment That:

   The Defendants' Actions Violated Plaintiff's Constitutional Rights Under The First, Fourth, Fifth, And Fourteenth Amendments;

   The Forced Psychiatric Treatment And Arrest Were Unlawful And Lacked Due Process;

   The Court Order Authorizing Treatment Was Obtained Through Fraud And Government Deception.

4. Injunctive Relief:

   Permanently Barring All Defendants And Their Agents From Further Harassment, Surveillance, Or Contact With Plaintiff;

   Requiring Removal And Correction Of All False Medical And Legal Records Arising From The Incidents Described Herein;

5. Not Dismissing The Case And Not Allowing Any Party To Escape As The Case Can Be Heard And Get Trial As The United States Of America And Schenectady Police Department Will Try To Escape By Saying They Are Not A Party And That Agent Not For Them And No Desired Evidence And All Other Parties Will Try To Escape By Saying The Plaintiff Mentally Ill.

6. Attorneys' Fees And Costs Under 42 U.S.C. § 1988 Or Other Applicable Statutes;

7. Any Other Relief The Court Deems Just And Proper.

I Declare Under Penalty Of Perjury That The Foregoing Is True And Correct To My Best Knowledge.

Dated:      04/18/2025

/s/     Amr Abdelwase Alaidrus

Signature Of Plaintiff(S)
Amr Abdelwase Alaidrus
100 Irving St Fl2
Schenectady, NY 12308
Email: Ammralaidrus@gmail.com
Phone:838-292-7078
Pro Se



The Complaint Drafted With Help From Artificial Intelligence Except The Facts And The Damages

Complaint Documentation Resources Online Link And Qr Code:
HTTPS://BIT.LY/42EMAOC

