**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AMR ABDELWASE ALAIDRUS,

                     Plaintiff,

      v.                                           1:25-CV-491
                                                          (GTS/DJS)

UNITED STATES OF AMERICA, *et al.*,

                     Defendants.

**APPEARANCES:**

AMR ABDELWASE ALAIDRUS
Plaintiff, *Pro Se*
Schenectady, New York 12308

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has forwarded for review a civil complaint filed by Plaintiff. The Complaint was filed April 21, 2025. Dkt. No. 1. Plaintiff has also filed a Motion to Amend, Dkt. No. 4, which attached a proposed amended complaint. Dkt. No. 4-1. Under FED. R. CIV. P. 15, Plaintiff was entitled to amend the complaint once as a matter of right. *See Siyu Yang v. Ardizzone*, 540 F. Supp. 3d 372, 377 (W.D.N.Y. 2021). Leave to amend, therefore, is not required. Plaintiff's Motion, Dkt. No. 4, is therefore denied as moot, but the Clerk is directed to docket the proposed amended complaint as the Amended

- 1 -

Complaint and it will be considered as the operative pleading for purposes of the analysis below. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

Plaintiff has also filed a Motion for Permission to File Electronically in ECF. Dkt. No. 5. Given the recommendation made below that this action be dismissed, the Motion for Electronic Filing is denied.

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

The factual allegations in the Amended Complaint are extensive. They are outlined here only in brief because the recommendations made below rely largely on legal conclusions unrelated to the specific facts alleged which renders the need for an extended factual recitation unnecessary at this juncture.

The Amended Complaint alleges a broad conspiracy to unlawfully confine Plaintiff for psychiatric evaluation. Plaintiff claims that this conspiracy involves officials of the United States Government and Schenectady Police Department. Am. Compl. at p. 4. On January 11, 2025, Plaintiff claims he was unlawfully removed from his home by Schenectady Police Department officials and taken to Ellis Hospital. *Id.* at pp. 4-5. He further alleges that when admitted to the psychiatric ward at the hospital he was given a roommate who was a government agent, *id.* at p. 5, and that medical personnel performed unauthorized tests and administered unknown medications. *Id.* at pp. 7 & 10. The

Amended Complaint also alleges that hospital officials refused to permit Plaintiff to leave or provide him any sort of due process regarding his admission. *Id.* at p. 6.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### III. DISCUSSION

#### A. Claims Against the United States

The Amended Complaint asserts four claims against the United States – claims under 42 U.S.C. §§ 1983, 1985, 1986 and a claim under the Federal Tort Claims Act. Am. Compl. at pp. 13-15.

"Neither the United States nor its agencies are persons under section 1983 and are therefore excluded from the scope of liability under the section." *Sessoms v. Veterans Admin. Med. Ctr.*, 1988 WL 47357, at *1 (W.D.N.Y. May 6, 1988); *see also Muhammad v. Suffolk Cnty. Support*, 2025 WL 606560, at *9 (N.D.N.Y. Jan. 28, 2025), *report and recommendation adopted*, 2025 WL 603917 (N.D.N.Y. Feb. 25, 2025) ("The language of 42 U.S.C. § 1983 does not reach the actions of the federal government."). Moreover, "[o]ne cannot sue the United States without its consent and a court has no jurisdiction of a suit against the United States to which it has not consented." *Smith v. U.S. Army Corps of Eng'rs*, 829 F. Supp. 2d 176, 183 (W.D.N.Y. 2011) (quoting *Gnotta v. U.S.*, 415 F.2d 1271, 1276 (8th Cir.1969)). The United States has not waived that immunity with respect to claims under 42 U.S.C. §§ 1985 & 1986. *McIntosh v. United States*, 2018 WL 1275119, at *9 (S.D.N.Y. Mar. 7, 2018) (citing cases).

Plaintiff's claims under these three statutes, therefore, should be dismissed with prejudice.

While the Federal Tort Claims Act ("FTCA") provides a limited immunity from suit for tort claims, it has strict exhaustion requirements. *Hill v. United States*, 2019 WL 5694016, at *5 (E.D.N.Y. Aug. 6, 2019). For example, the FTCA requires a claimant to exhaust administrative remedies prior to initiating a FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). "The burden is on the plaintiff

to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Here, Plaintiff has not satisfied that burden. He alleges only that he "has satisfied *or will satisfy* all administrative prerequisites required under the FTCA." Am. Compl. at p. 15 (emphasis added). As noted, however, the FTCA administrative requirements must be satisfied "prior to initiating an FTCA action." *Diaz v. MDC Det. Ctr.*, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018). Because Plaintiff has not shown that he satisfied these requirements prior to filing, his FTCA claim should be dismissed, though with leave to demonstrate that he has satisfied them.

### B. Claims Against the Schenectady Police Department

The Amended Complaint asserts nine causes of action against the Schenectady Police Department. Am. Compl. at pp. 15-20. Claims one through four involve alleged violations of constitutional rights under section 1983. *Id.* at pp. 15-18.[2] The remaining five claims asserts state law tort claims. *Id.* at pp. 18-20.

The Schenectady Police Department is not a proper party to an action under section 1983. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*,

---

[2] The second claim also asserts a claim under 42 U.S.C. § 1985, Am. Compl. at p. 17, a claim which is discussed in Point III(F) below.

2019 WL 2393780, at *9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018). As a result, Plaintiff's section 1983 claims against the Department must be dismissed. For the same reason, Plaintiff's state law claims against the Department must be dismissed. The Defendant "is a department of the City, and not a separate legal entity amenable to being sued." *Brown v. City of New York*, 192 A.D.3d 963, 965 (2d Dep't 2021) (citing cases); *see also Taylor v. City of Buffalo*, 229 A.D.3d 1125 (4th Dep't 2024) (city police department "cannot be independently sued").

### C. Claims Against Ellis Hospital

Plaintiff's first three causes of action against Ellis Hospital are brought under section 1983. Am. Compl. at pp. 21-22. Claims under that statute require state action. *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). As courts in this district have previously recognized, Ellis Hospital is a private hospital and not a state actor. *Hilts v. Ellis Hosp.*, 2024 WL 4133804, at *3 (N.D.N.Y. July 25, 2024), *report and recommendation adopted*, 2024 WL 3811262 (N.D.N.Y. Aug. 14, 2024); *Velaire v. City of Schenectady, N.Y.*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994).[3] Plaintiff's section 1983 claims against the hospital, therefore, should be dismissed.

---

[3] To the extent Plaintiff has attempted to allege a conspiracy between the hospital and the police department, it has also been recommended that the section 1983 claim against the police department be dismissed, and so at this juncture Plaintiff has not alleged a conspiracy with state actor.

Plaintiff also asserts a claim against the hospital under Title II of the ADA. Am. Comp. at p. 23. That claim should be dismissed for a related reason. "Title II does not apply because it covers discrimination only with respect to the benefits of the services, programs, or activities of a *public entity*. A private hospital is not a public entity for purposes of Title II." *Gilot v. UR Med. Strong Mem'l Hosp.*, 2023 WL 2480575, at *2 (W.D.N.Y. Mar. 13, 2023) (internal quotations and citations omitted).

### D. Claims against Mental Hygiene Legal Services

Plaintiff asserts two claims under section 1983 against Mental Hygiene Legal Services related to its representation of Plaintiff. Am. Compl. at pp. 24-26. He also asserts common law tort claims against MHLS. *Id.* at pp. 26-27.

Section 1983 claims against MHLS are subject to dismissal on immunity grounds. "To state a claim under Section 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States." *Conquistador v. Offices of Att'y Gen. of Conn.*, 2017 WL 11707851, at *2 (D. Conn. Mar. 13, 2017). "The Eleventh Amendment bars such a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). "It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." *Id.*

(internal citations omitted). Thus, "state agencies do not fall within the meaning of 'persons' for purposes of Section 1983." *Bryant v. New York State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001). "[B]ecause Mental Hygiene Legal Services is 'a state funded legal services agency under the direction of the New York State Office of Court Administration,' *Fisk v. Letterman*, 401 F.Supp.2d 362, 378 (S.D.N.Y.2005), it, . . . enjoys immunity from suit." *Middleton v. United States*, 2011 WL 7164452, at *3 (E.D.N.Y. June 28, 2011), *report and recommendation adopted*, 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012); *see also Sasscer v. Barrios-Paoli*, 2008 WL 5215466, at *4 (S.D.N.Y. Dec. 8, 2008) (citing cases).[4]

Plaintiff also asserts a claim under the Americans with Disabilities Act alleging that MHLS failed to properly advocate for him during his period of purportedly unlawful detention. Am. Compl. at p. 27. That claim is brought pursuant to 42 U.S.C. § 12132 which provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Assuming MHLS is a "public entity" and that it is not immune from suit, *see T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71, 77 (2d Cir. 2024), the Court

---

[4] Plaintiff asserts a single state law claim against MHLS. Am. Compl. at pp. 26-27. "[B]ecause the Eleventh Amendment is a bar addressed to federal courts, not federal causes of action, Plaintiff's state law claims against MHLS are similarly barred." *Sasscer v. Barrios-Paoli*, 2008 WL 5215466, at *4 (internal quotations and alterations omitted)

nonetheless recommends that this claim be dismissed because Plaintiff has failed to properly allege a lack of accommodation actionable under the ADA. Plaintiff's allegations include that MHLS "failed to advocate" for Plaintiff and "failed to . . . challenge the discriminatory basis of Plaintiff's detention." Am. Compl. at p. 27. Allegations of this sort sound more in the nature of malpractice, which is a concept distinct from discrimination. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 954 (2d Cir. 2024) (explaining distinction in medical context). Plaintiff has not offered any factual allegations plausibly alleging how or why Mental Hygiene Legal Services would have discriminated against Plaintiff based on a perceived mental illness. The Court, therefore, recommends that this claim be dismissed with leave to amend.

### E. Claims against the Schenectady County Court

There are numerous claims asserted against the Schenectady County Court – two under section 1983, one under section 1985, and two state law claims. Am. Compl. at pp. 28-31.

"The County Court is part of the New York State Unified Court System." *Bentely v. Thomas*, 2022 WL 14054223, at *2 (S.D.N.Y. Oct. 24, 2022) (citing N.Y. Const. Art. VI, § 29(a)). As such, it is immune from suit in federal court by virtue of the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *McNair v. Utica Police Dep't*, 2023 WL 4935993, at *3 (N.D.N.Y. June 26, 2023), *report and recommendation adopted*, 2023 WL 4931609 (N.D.N.Y. Aug. 1, 2023). This immunity

applies to each of Plaintiff's federal claims. *Murawski v. New York State Bd. of Elections*, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018). As noted above, "it is well settled that the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Deadwiley v. New York State Off. of Child. & Fam. Servs.*, 97 F. Supp. 3d 110, 116 (E.D.N.Y. 2015) (citation and internal alterations omitted). Accordingly, Plaintiff's claims against Schenectady County Court should be dismissed with prejudice as barred by the immunity afforded under the Eleventh Amendment.

### F. Claims under section 1985

Plaintiff asserts claims that Defendants conspired to violate his constitutional rights under 42 U.S.C. § 1985. *See*, *e.g.*, Am. Compl. at p. 24.

The elements of a claim under § 1985(3) are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is ... deprived of any right of a citizen of the United States." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 341 (2d Cir. 2000) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d at 1088 (quoting *United Bhd. of Carpenters, Local 610 v.*

*Scott*, 463 U.S. 825, 829 (1983)). The Amended Complaint, however, makes no allegation of any racial or class-based animus on which the alleged conspiracy is grounded and thus his claim, as pled, does not state a claim for relief and should be dismissed.

### G. Claims Under New York State Law

The Amended Complaint asserts state law causes of action against all Defendants except the United States. To the extent not subject to dismissal on immunity grounds as discussed above, it is recommended that Plaintiff's state law claims also be dismissed.

First, this Court lacks diversity jurisdiction to hear these claims. "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). The Complaint specifically alleges that both Plaintiff and Defendants are residents of New York. Am. Compl. at pp. 3-4. As a result, there is also no diversity

jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 4) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Motion for Permission to File Electronically in ECF (Dkt. No. 5) is **DENIED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED as set forth above**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 17, 2025
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).