UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMR ABDELWASE ALAIDRUS,

                          Plaintiff,

v.                                                                 1:25-CV-0491
                                                                    (GTS/DJS)

UNITED STATES OF AMERICA;
SCHENECTADY POLICE DEPARTMENT;
ELLIS HOSPITAL; MENTAL HYGIENE
LEGAL SERVICE; and SCHENECTADY
COUNTY COURT,

                          Defendants.
_____

APPEARANCES:

AMR ABDELWASE ALAIDRUS
   Plaintiff, *Pro Se*
100 Irving Street, Unit F12
Schenectady, New York 12308

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Amr Abdelwase Alaidrus ("Plaintiff") against the United States of America, the Schenectady Police Department, Ellis Hospital, Mental Hygiene Legal Service, and Schenectady County Court ("Defendants"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that some claims in Plaintiff's Amended Complaint be dismissed with prejudice and other claims be dismissed with leave to amend. (Dkt. No. 7.) Plaintiff has not filed an objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 8) are **DISMISSED with prejudice**:

    (1) Plaintiff's claims against the United States under 42 U.S.C. §§ 1983, 1985 and 1986;

    (2) Plaintiff's claims against the Schenectady Police Department under 42 U.S.C. § 1983 and New York State common law;

    (3) Plaintiff's claims against Ellis Hospital under 42 U.S.C. § 1983 and the Americans with Disabilities Act; and

    (4) Plaintiff's remaining claims under 42 U.S.C. § 1985; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 8) are

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**DISMISSED** **without prejudice** to refiling in state court within the applicable limitations period:

(1) Plaintiff's claims against Mental Hygiene Legal Services under 42 U.S.C. § 1983 and New York State common law; and

(2) Plaintiff's claims against the Schenectady County Court under 42 U.S.C. §§ 1983 and 1985 and New York State common law; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 8) are **DISMISSED** **without prejudice** to refiling in this action**, within THIRTY (30) DAYS** of the entry of this Decision and Order, in a **SECOND AMENDED COMPLAINT** that corrects the above-described pleading defects in those claims (and thereafter with prejudice if Plaintiff fails to correct those pleading defects):

(1) Plaintiff's claim against the United States under the Federal Tort Claims Act; and

(2) Plaintiff's claims against Mental Hygiene Legal Services under the Americans with Disabilities Act; and it is further

**ORDERED** that, should Plaintiff fail to correct the above-described pleading defects in the federal claims referenced in the preceding paragraph within the above-referenced 30-day time period, Plaintiff's remaining state law claims **shall be**, without further Order of the Court, **DISMISSED** **without prejudice** to refiling in state court within the applicable limitations period.

Dated: January 26, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge